Parker C. J.
delivered the opinion of the Court. The nonsuit was rightly ordered, because the plaintiff’s proofs did not support his allegations. He counts upon a right to have a certain area, described in his declaration, at all times kept open and unincumbered. The deed under which he claims this right, to wit, from Trench to T. Hill, of the very land in which the easement is claimed, only reserves to the grantor and grantee the right to pass and repass over the same, in order to go upon either of the estates to which this adjoins, for the sole purpose of making repairs. The land thus granted with this reservation was in a triangular form, being fourteen feet at the base, and coming to a point on Essex street; and it is not averred that the right to pass and repass had been obstructed. This deed was made in 1788 ; but afterward, when Hill the grantee conveyed his estate, including this land, to the defendants, he provides, “ that that part of the land, about four feet wide, conveyed to him by Trench, is forever to remain open for the accommodation of both the estates.” This was in 1809. Without doubt, before this time, by compact between the owners of the several estates, the privilege before existing in the irregular area, had been exchanged for a regular passageway between the estates, in the form of a parallelogram four feet wide. Under this latter deed, the plaintiff may claim such an easement as he has described in his writ, that is, that it shall forever remain open and unincumbered ; but it is altogethei different from the locus in quo, in which the easement or privi lege exists, as described in his writ. The nonsuit was right, but the plaintiff may amend, on paying costs.[1]

 See Revised Stat. c. 100, § 21, 22; St. 1839, e. 151.